Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| UNIQUE HYTOWER<br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>**-v-**<br><br>Cpm Investments LLC<br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒Yes ☐No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Unique Hytower |
| Street Address | 1011 Osceola St 407 |
| City and County | Myrtle Beach  Horry |
| State and Zip Code | South Carolina  29577 |
| Telephone Number | 910 898-8847 |
| E-mail Address | Ethenic foods@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known).*  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                               Gpm Investments LLC

    Job or Title *(if known)*      D/B/A Exxon or Scotchman (Corporate)

    Street Address               8565 Magellan Parkway Suite 400

    City and County            Richmond Virginia

    State and Zip Code        23227

    Telephone Number       (804)730 1568

    E-mail Address *(if known)*

Defendant No. 2

    Name                               Gpm Investments LLC

    Job or Title *(if known)*      Corporate Office

    Street Address               8720 Stony point pkwy #300

    City and County

    State and Zip Code        Richmond VA 23235

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name | D/B/A Exxon/Scotchman |
| Street Address | 1272 Dick pond Rd |
| City and County | Myrtle Beach Horry |
| State and Zip Code | SC 29575 |
| Telephone Number | 843 293-5330 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[X]     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ]     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ]     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[X]     Other federal law *(specify the federal law)*:

[ ]     Relevant state law *(specify, if known)*:

[ ]     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

  *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

September 2024

C.    I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race        Black
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____  *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

March 2025

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*   January 22, 2026

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     03/19/2026

Signature of Plaintiff

Printed Name of Plaintiff     UNIQUE HUTOWER

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Page 6 of  6

Print          Save As...          Add Attachment          Reset

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Unique Hytower
Plaintiff,

v.

GPM Investments, LLC
Defendant.

Civil Action No.: _____

COMPLAINT

Plaintiff, Unique Hytower files this Complaint against Defendant, GPM Investments, LLC, and states as follows:

I. JURISDICTION AND VENUE

This action arises under federal law, including:

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

This Court has jurisdiction under 28 U.S.C. § 1331.

Venue is proper in this district because the unlawful employment practices occurred in South Carolina.

II. PARTIES

Plaintiff, Unique Hytower, is an African American resident of Horry, State.

Defendant, GPM Investments, LLC, is a company doing business in South Carolina and was Plaintiff's employer at all relevant times.

III. EEOC EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff filed a Charge of Discrimination with SCHAC and the Equal Employment Opportunity Commission (EEOC).

Plaintiff received a Notice of Right to Sue from the EEOC.

The Notice of Right to Sue incorrectly identifies the employer as "Exxon." This identification was made by the SCHAC investigator Cherry Dow and not by Plaintiff.

At all relevant times, Plaintiff was employed by GPM Investments, LLC, which operates the location where Plaintiff worked.

Defendant had notice of the EEOC charge and the allegations contained therein and is the proper party to this action.

Plaintiff has satisfied all administrative prerequisites to filing this lawsuit.

IV. FACTUAL ALLEGATIONS

Plaintiff was employed by Defendant at a store located in South Carolina.

Plaintiff had no prior disciplinary write-ups, warnings, or performance issues during employment. Plaintiff was performing job duties satisfactorily at all relevant times.

During Plaintiff's employment, a coworker engaged in threatening and unsafe behavior. This coworker had previously been verbally terminated for similar conduct but was allowed to return to work.

Plaintiff reported the harassment and safety concerns to management and/or Human Resources on the following dates:

August 19, 2024: First complaint regarding threats and unsafe conduct.

October 27, 2024: Complaint to General Manager regarding concerns for safety.

Despite these complaints, Defendant failed to take effective action to prevent further harm.

Plaintiff was physically attacked by the same coworker and subsequently terminated on February 28, 2025, despite being the victim.

In March 2025, Human Resources told Plaintiff that it was not their job to keep Plaintiff safe and that they had a business to run, demonstrating disregard for employee safety.

Plaintiff's text messages documenting the harassment, unsafe conduct, and retaliation are attached as Exhibit B.

During Plaintiff's employment, a coworker engaged in misconduct and No shows. This

coworker, who is caucasian had previously been verbally terminated by General Manager for known conduct but was allowed to return to work.

Plaintiff, an African American employee, was physically attacked by this coworker while defending herself during the incident. Plaintiff was subsequently terminated on February 28, 2025, despite being the victim and having no prior performance issues.

This disparate treatment—allowing the white coworker back while terminating Plaintiff for defending herself—demonstrates race-based discrimination.

Defendant's actions demonstrate retaliation, disparate treatment, and a failure to provide a safe workplace.

Plaintiff suffered harm, including racial discrimination and emotional distress, lost income, and unsafe working conditions, as a direct result of Defendant's actions.

Plaintiff is a member of a protected class and has experienced adverse employment actions, including  reduced hours, hostile treatment, racial discrimination and termination.

V. CAUSES OF ACTION
Count I – Race Discrimination (Title VII)

Plaintiff incorporates all preceding paragraphs.

Plaintiff was treated differently from employees of other races.

Defendant's actions, including failure to protect Plaintiff and subsequent termination, were motivated at least in part by Plaintiff's race.

Defendant's actions constitute unlawful discrimination in violation of Title VII.

Count II – Retaliation (Title VII)

Plaintiff engaged in protected activity by reporting harassment and discrimination on the dates listed above.

Defendant took adverse action against Plaintiff shortly thereafter, including reducing hours, ignoring complaints, and terminating Plaintiff.

There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

Defendant's actions constitute unlawful retaliation in violation of Title VII.

Count III – Negligence / Failure to Provide Safe Workplace

Defendant had a duty to provide a reasonably safe workplace.

Defendant breached that duty by allowing a previously terminated employee to return, failing to act on known threats, and failing to prevent Plaintiff's physical attack.

Plaintiff suffered damages as a direct and proximate result of Defendant's negligence.

VI. DAMAGES

As a result of Defendant's unlawful conduct, Plaintiff suffered:

Loss of income and benefits

Emotional distress

Pain and suffering

Mental anguish

Other compensatory damages

Defendant acted with malice or reckless indifference, entitling Plaintiff to punitive damages.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff
B. Award compensatory damages
C. Award punitive damages
D. Award back pay and front pay
E. Award costs of this action
F. Grant any other relief the Court deems just and proper

VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Unique Hytower
1011 Osceola st Apt 407
Myrtle Beach Sc
(910)-898-8847
Ethericfoods@gmail.com

March 18, 2026

Exhibits:

Exhibit A: EEOC Notice of Right to Sue

Exhibit B: Text Messages documenting harassment and safety concerns.
Exhibit C: Text Message of employee Kirsten Miller fired by Dixie Rich verbally